### *In re* SIMPSON.

(*Supreme Court, Special Term, New York County.* November 5, 1888.)

ELECTIONS AND VOTERS—CONDUCT OF ELECTIONS—RIGHT TO VOTE SEVERALLY.

　　Consolidation act N. Y. §§ 1882–1886, which provide that the name of a person voting at an election shall be announced, and his name marked on one of the registers which the inspectors shall have at the polls, and that the name, residence, and number of the box in which his ballot has been deposited shall be entered on a poll-book, and that from the books the number voting at the poll on that day shall be ascertained, do not authorize the inspectors to receive ballots of the same voter at different times; but, when he once presents himself to vote, he must exercise his right of suffrage as to all the offices to be filled, and cannot do so severally.

At chambers. Application by George S. Simpson to enjoin the inspectors of election for the Eighth election district of the Ninth assembly district of the city of New York from permitting the voters who were to vote at the ensuing general election from voting by one or more ballots at different times.

*Nelson J. Waterbury, Sr., Nelson J. Waterbury, Jr.,* and *Simon Sterns,* for plaintiff. *Corp. Counsel Beekman,* for defendants.

LAWRENCE, J. This is an application for an injunction restraining the defendants from permitting voters at the election to be held on Tuesday next to vote by installments; that is to say, "by one or more ballots at one time, and other ballots at other times," it being alleged that the defendants have declared their intention so to do, and that such course might result in great injury to the electors of the district, etc. My examination of the provisions of the consolidation act, and of the other acts relating to the registration of voters and the holding of elections in the city of New York satisfies me that there is no warrant in law for permitting a citizen to present himself more than once at the polls for the purpose of voting, and that when he is reached in his turn he must once and for all exercise his right of suffrage at that election. This conclusion, I think, necessarily follows from the provisions of sections 1866, 1883, 1884, and 1882 of the consolidation act. Section 1866 provides as follows:

"Sec. 1866. The inspectors of election in each election district of the city and county of New York shall, on the day of any election therein, have with them at the polling place in said district the registers provided for in this chapter. They shall make use of one of said registers for guidance on said day, and no vote shall be received from any person whose name shall not be found by at least three of them to be upon at least three of the said registers as a qualified voter. The chairman of said inspectors at each election district shall, if present, and if absent, then one of the other inspectors shall, upon any person offering to vote, announce in a loud, clear, and distinct manner the name of such person, and no ballots shall be received by either of the inspectors, or deposited in any of the ballot-boxes, until at least three of the said inspectors shall, as hereinbefore provided, have examined and found the name and residence of such person, and have declared the same, and that such person is entered as a qualified voter; when, if the vote of said person is received, at least three of the inspectors shall write in the appropriate column bearing the heading 'Voted,' and opposite to the name and residence of such person, the word 'Yes.' It shall be the duty of each of the inspectors to note on the register in his possession, in a suitable and separate part thereof, the name and residence of each and every person, if any, whose vote shall be received in contravention of the provisions of this section, and the name of the inspector or inspectors, if any, who shall so receive or deposit in the ballot-boxes, or either of them, any such vote; and it shall further be the duty of each of the inspectors, immediately on the close of the polls on the day of election, to compare the said registers as kept by them, as herein provided, and attach to them a certificate in writing that the same are correctly checked, and, within twenty-four hours after the completion of the canvass of the votes cast in the election district in which they serve, to leave said registers at the office of the chief of the bureau of elections, whose duty it shall be to file and preserve the same, as provided in this chapter. And in no election district in the said city and county shall any inspector, who had custody or charge of either of the registers in this chapter provided for, ever permit said register to leave his possession from the time of receiving custody of the same until he shall file the same, as provided in this chapter, save in the event of his resignation or removal and the appointment, as provided in this chapter, of his successor, when he shall promptly surrender and turn over the same to him."

Section 1883 is as follows:

"Sec. 1883. The poll-clerk at each poll in the city and county of New York shall keep, in ink, a poll-list, in books to be prepared and furnished for that purpose, and shall contain a column headed 'Residence,' a column headed 'Name of Voter,' and as many additional columns as there are boxes kept at the election. The headings of the additional columns shall correspond, respectively, with the names and numbers of the boxes so kept.

Section 1884, after giving the form of the poll-books to be used by the poll-clerks, provided that "the residence of each elector voting shall be entered by each poll-clerk in the column of his poll-list headed 'Residence,' and the name of each such elector in the column headed 'Name of Voter,' and opposite the residence the name of any such elector in each additional column provided for in the preceding section, and corresponding in its heading with the name and number of a box in which a ballot of the electors shall have been deposited, shall be written a check or mark similar to the letter V, and in each such additional column corresponding in its heading with the name and number of box in which no ballot of the elector shall have been deposited shall be written the word 'No.' In the column of 'Remarks' opposite the name of each person challenged shall be noted the oath or oaths offered and taken by any such person." It seems to me very clear that, under this section, the elector must determine at the time when he presents himself to cast his ballots what ballots he wishes to have deposited in the boxes used at the election, because this section requires the poll-clerk to then make a full and complete entry as to the action of the elector in respect to all officers to be voted for at that election, whether he has voted for such officer or not. No provision is made in the statute for an alteration of the poll-book by the poll-clerks after they have written in the check or mark similar to the letter V, as required by the section, to indicate that the citizen has voted, and after they have written the word "No" in the column corresponding in its heading with the name and number of the box in which no ballot shall have been deposited by the elector.

Not only is there an absence of any power in the poll-clerks to change or alter their books, under the section of the consolidation act above quoted, but by section 1882 it is expressly provided that in each election district in the city and county of New York it shall be the duty of the inspectors of election to immediately, after the close of the polls on the day of any election, before proceeding with the canvass of the ballots in any box, and while the poll-clerks are canvassing their books, to write in ink, opposite to and against the name of each person entered in their register who is not shown by such register to have voted, and in the column headed "Voted," the word "No," so that the said column shall be wholly filled up, and the said inspectors shall then compare the said registers, make them agree, and ascertain the number of persons who, by them, are shown to have voted at that poll that day; and when they have made comparisons, and ascertained such fact, the chairman of the board of inspectors, or, in his absence, the inspector acting as such, shall announce the same in a loud voice. This last section is designed to make it the duty of the inspectors to make their registers conform to the poll-lists as kept by the poll-clerks, and there is no provision whatever for making any change or alteration. These sections seem to me to provide a uniform procedure to be pursued in receiving and recording the vote of each elector. They contain no provision for the elector's presenting himself more than once at each election. The object of the law is to provide a safe, speedy, and effectual method of ascertaining the desire and wish of the elector in respect to the persons and officers to be voted for at such election. There is nothing in the statute which shows that the elector may, from caprice or other motive, present himself as often or as many times as there are offices to be voted for. I am strengthened in the conclusion that the design of the legislature was that no citizen should present himself for the purpose of depositing his bal-

lots at any election more than once, by the provision of chapter 314 of the Laws of 1886, which amends section 1841 of the consolidation act, which provides that it shall be the duty of an inspector of election, upon receiving the ballots of a voter, to carefully observe the indorsements thereon, and, if they shall not be in compliance with this section, he shall call the voter's attention to the same, and he shall be given an opportunity to correct his ballots. This is a plain indication of the intention of the legislature that, if the voter desired to make any change in his vote, the right to do so must be exercised at the time when he offers his ballot for deposit in the ballot-box. Furthermore, it has been held in the case of a contested election in the house of representatives that, under a statute requiring that separate boxes shall be kept for the deposit of ballots for state officers and for members of congress, the voter must hand in both his tickets at one and the same time, and, having once voted for state officers, and been recorded as voting, he cannot afterwards come forward and claim the right to vote for representative in congress. *Draper* v. *Johnson*, Clarke & H. Elec. 711.

The opinion of the attorney general, which was referred to on the argument of this case, does not relate to the questions herein discussed. In that opinion the attorney general was referring to the general election law of this state, and the special provisions of the consolidation act relating to the conduct of elections in the city of New York are not considered or alluded to by him. For these reasons I am of the opinion that this motion should be granted.